IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY PATTERSON,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:13-CV-00033
CRIM. NO. 2:12-CR-00044
JUDGE ECONOMUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On May 13, 2013, final judgment was entered dismissing the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter now is before the Court on Petitioner's June 10, 2013, *Motion for Reconsideration* of the final judgment of dismissal, and his October 7, 2013, *Supplement to his Motion for Reconsideration*. Doc. Nos. 39, 42. For the reasons that follow, Petitioner's motion for reconsideration, Doc. Nos. 39, 42, is **DENIED**.

Petitioner brings this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which provides:

(a) In General.

    (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

    (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and

conclusions of law or make new ones, and direct the entry of a new judgment.

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.[1]

In this motion, however, Petitioner raises the same arguments he previously presented. He contends that he couches his claims in terms of ineffective assistance of counsel, and that the Court therefore improperly concluded he had procedurally defaulted his claims. He complains that the Court failed to address the merits of his claims, "instead focusing solely on" his failure to appeal. *Motion for Reconsideration*, PageID #97. Petitioner argues at length that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. In support of this argument, he refers to *United States v. Blewett,* 719 F.3d 482 (6th Cir. 2013)(defendant sentenced prior to effective date of Fair Sentencing Act entitled to reduction of sentence based

---

[1] The United States Court of Appeals for the Sixth Circuit has held that the limitations on successive motions under rule 60(b) of the Federal Rules of Civil Procedure does not apply to motions under Rule 59(e). *See Howard v. United States*, 533 F.3d 472 (6th Cir. 2008). Therefore, this Court may address the merits of Petitioner's motion under Rule 59.

on Act's reduction of sentences on crack cocaine offenses), *Rehearing en Banc Granted, Opinion Vacated* (July 11, 2013), and *United States v. C.R.,* 792 F. Supp. 2d 343 (E.D.N.Y. 2011)(referred to by this Court in its final judgment of dismissal of this case).  Petitioner also again argues that the Court lacked jurisdiction due to a lack of connection between the crime charged, receipt of visual depictions involving the use of minors engaging in sexually explicit conduct using a means or facility of interstate commerce, and interstate commerce.

Petitioner raises no new arguments that have not previously already been considered, and this Court will not again address these arguments here.  Contrary to Petitioner's argument herein, the Court addressed the merits of his allegations, albeit in the context of the claim of ineffective assistance of counsel.  Additionally, *United States v. Blewett* does not assist Petitioner.  As previously explained, neither does *United States v. C.R.*  Aside from *C.R.*, this this Court is aware of, and Petitioner has not referred to, any federal cases that assist him in establishing that his sentence violates the Eighth Amendment or that his attorney performed in a constitutionally ineffective manner by failing to raise such an issue.  Similarly, again as previously discussed, the United States Court of Appeals for the Sixth Circuit and other federal courts have affirmed the constitutionality of the statute under which Petitioner was convicted, and Petitioner's attorney likewise did not perform in a constitutionally unreasonable manner by failing to raise such an issue.  This Court has reviewed all of the cases referred to by Petitioner, including those he refers to in his supplement to his Rule 59 motion.  Nonetheless, the Court remains unpersuaded that any of those cases assist Petitioner in obtaining the relief he seeks.

Petitioner's Rule 59 motion, Doc. Nos. 39, 42, therefore is **DENIED.**  Further the Court certifies that any appeal would not be taken in good faith, and denies a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States

District Courts.

    **IT IS SO ORDERED.**

                                                **UNITED STATES DISTRICT JUDGE**