**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>    v.<br><br>**TERRRY L. PATTERSON,**<br>    **Defendant.** | **Case No. 2:13-cv-33**<br>**Case No. 2:12-cr-044**<br>**Judge Peter C. Economus**<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Petitioner Terry Patterson's ("Mr. Patterson") motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 52.) For the reasons that follow, the Court **DENIES** Defendant's motion.

**I.    Background**

On January 11, 2013, Mr. Patterson, a prisoner at the Elkton Federal Correctional Institution, brought this action for writ of habeas corpus under 28 U.S.C. §2255. (ECF No. 33.) In his Motion to Vacate, Mr. Patterson set forth the following grounds for relief from judgment: (1) lack of jurisdiction, and (2) an excessive sentence that violated the Eighth Amendment to the United States Constitution. This Court dismissed Mr. Patterson's motion on May 13, 2013. (ECF No. 38.) Mr. Patterson filed a motion for reconsideration and a motion to supplement the motion for reconsideration. (ECF No. 39; ECF No. 42.) On November 5, 2013, this Court denied those motions. (ECF No. 44.)

Mr. Patterson also filed a motion to recuse. (ECF No. 40.)  Mr. Patterson argued that the undersigned has a bias against inmates and disregards statutes and case law when dismissing

cases. This Court dismissed that motion, finding it procedurally defective and that it failed to establish the requisite legal elements to establish bias. (ECF No. 43.)

Mr. Patterson has now filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Mr. Patterson makes the following arguments in his Rule 60(b) Motion: (1) the court did not adjudicate movant's jurisdictional claim; (2) new Supreme Court case law makes infirm the ruling on jurisdiction; (3) by refusing to address arguments on the elements the Court denied due process; (4) movant was not provided a full and fair opportunity to litigate his cruel and unusual punishment claim; (5) Judge Economus is not a fair and impartial adjudicator of pornography cases.

## II. Analysis

Rule 60(b) of the Federal Rules of Civil Procedure provides the following:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60. A Rule 60(b) motion that attempts "to add a new ground for relief" is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a

§ 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Likewise, a Rule 60(b) motion should be considered a § 2255 motion to vacate, set aside, or correct the sentence "if it attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *See id.* In at least these two circumstances, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be pre-certified by the court of appeals as falling within an exception to the successive-petition bar." *Id.*

Although Mr. Patterson brings the instant motion pursuant to Rule 60(b), the Court considers the motion a successive habeas petition and treats it accordingly. *See In re Nailor*, 487 F.3d 1018, 1022-24 (6th Cir. 2007). To obtain authorization, Defendant's second or successive § 2255 motion must be based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8. Mr. Patterson has not pointed to any new evidence and thus cannot satisfy subsection (1). Mr. Patterson's argument relies on *Bond v. U.S.*, 134 S. Ct. 2077 (2014) (*Bond II*) but the Supreme Court has not held that *Bond II* applies retroactively to cases on collateral review, and thus Mr. Patterson also cannot satisfy subsection (2). *See In re Nailor*, 487 F.3d 1018, 1022-24 (6th Cir. 2007) (finding same with another case that did not apply retroactively).

Mr. Patterson contends that his Rule 60(b) motion is appropriate when a court fails to address all the arguments in an original § 2255 motion and that this Court failed to address his original § 2255 motion. Mr. Patterson's argument is not well taken. Mr. Patterson raises no new

3

arguments that have not previously already been considered. Mr. Patterson specifically contends that this Court failed to address his original jurisdictional and Eighth Amendment arguments. This contention is incorrect. In a previous order, this Court addressed Mr. Patterson's argument that "the non-commercial viewing of child pornography on the internet is neither economic activity nor one which has any connection with interstate commerce, and that the federal courts lack jurisdiction over his conduct, which he contends was only intrastate in nature." (ECF No. 38 at 7.) This Court, relying on *United States v. Studabaker*, 578 F.3d 423 (6th Cir. 2009), found that "the interstate commerce argument actually presented a non jurisdictional issue." The Court also previously noted, "[g]enerally, a sentence within statutory limitations does not violate the Eighth Amendment." *United States v. Williams,* 15 F.3d 1356, 1364 (6th Cir. 1994); s*ee also United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003); *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). The Court found that Petitioner's ten year sentence is certainly within the statutory range of five to twenty years and therefore not cruel and unusual. Accordingly, the Court denies Mr. Patterson's motion.

### III. Conclusion

For the reasons discussed above, the Court hereby **DENIES** Mr. Patterson's motion. (ECF No. 52.)

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**